IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARAK ANTONIO JOHNSON,
SR.,

              Plaintiff,

v.

THE STATE OF GEORGIA,

              Defendant.

1:15-cv-185-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge E. Clayton Scofield's Final Report and Recommendation [2] ("R&R"). The R&R considers Plaintiff Marak Antonio Johnson, Sr.'s ("Plaintiff") Complaint for Mandamus Relief [1] ("Complaint"). The Magistrate Judge construed Plaintiff's Complaint as a petition for a writ of habeas corpus, and recommended that this action be dismissed without prejudice for Plaintiff's failure to exhaust his state-court remedies. Also before the Court is Plaintiff's Motion to Appoint Counsel [5].

**I.    BACKGROUND**

On January 20, 2015, Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, filed his Complaint, requesting that the Court "issue an injunction against Superior Court Judge Linda Warren Hunter . . . to cease and

desist and immediately release [Plaintiff] from the custody of the Georgia Department of Correction . . . from the unconstitutional and illegally imposed sentence . . . ." (Complaint at 1).

On January 29, 2015, the Magistrate Judge, noting that Plaintiff is seeking to be released from state confinement, construed Plaintiff's Complaint as a petition for a writ of habeas corpus. (R&R at 2). The Magistrate Judge noted further that Plaintiff has not exhausted his state court remedies. (Id. at 3). Plaintiff alleges that he has sought relief only in the Superior Court, and not on direct appeal, and has not filed a state habeas petition. (Id. at 3). The Magistrate Judge, noting that exhaustion of state court remedies is required before a petitioner can seek a writ of habeas corpus in federal court, recommended that the Court dismiss this action without prejudice, and recommended that a Certificate of Appealability ("COA") not be issued. (Id.).

On February 9, 2015, Plaintiff filed his Objections [4] to the R&R, asserting that the Magistrate Judge should not have construed his Complaint as a petition for a writ of habeas corpus, arguing that he is entitled to a writ of mandamus ordering Superior Court Judge Linda Warren Hunter to order Plaintiff to be released from prison. (Objections at 9-10).

On April 8, 2015, Plaintiff filed his Motion to Appoint Counsel, requesting that the Court appoint a lawyer to assist him on direct appeal of his "void judgment." (Motion at 1). On April 8, 2015, Plaintiff filed his "Amended Breif [sic] New Information," [6] ("Amended Brief"), docketed as an Amended Petition for Writ of Habeas Corpus, which contained additional argument regarding why Plaintiff is allegedly entitled to a writ of mandamus.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.  Analysis

Plaintiff objected to the Magistrate Judge construing Plaintiff's Complaint as a petition for a writ of habeas corpus. The Court reviews this legal conclusion *de novo*. See Slay, 714 F.2d at 1095.

When a plaintiff seeks to be released from confinement, Plaintiff is required to bring a federal habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). The Court notes that, to the extent Plaintiff seeks a writ of mandamus to compel "Superior Court Judge Linda Warren Hunter . . . to cease and desist and immediately release [Plaintiff] from the custody of the Georgia Department of Correction . . . from the unconstitutional and illegally imposed sentence," this Court lacks the authority to issue a writ of mandamus against this state judicial officer. See Noe v. Metropolitan Atlanta Rapid Transit Authority, 485 F.Supp. 501, 504 (N.D. Ga. 1980), aff'd, 644 F.2d 434 (11th Cir.), 650 F.2d 284, cert. denied 454 U.S. 1126 (1981); c.f. Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973) (holding that federal mandamus is not available in actions against state officials). The Court concludes that the

Magistrate Judge correctly construed Plaintiff's Complaint as a petition for a writ of habeas corpus.

Plaintiff did not object to the Magistrate Judge's finding that Plaintiff failed to exhaust his state court remedies. The Court thus reviews these findings for plain error. See Slay, 714 F.2d at 1095.

Under federal law, "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A)-(B). To exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010) (quoting Boerckel, 526 U.S. at 845). A detainee in Georgia may seek a writ of habeas corpus to challenge the legality of their confinement. See O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever . . . may seek a writ of habeas corpus to inquire into the legality of the restraint."). Georgia permits a petitioner, whose habeas petition is not granted, to appeal the denial of habeas

relief.  See O.C.G.A. § 5-6-34(a)(7).

The Magistrate Judge correctly noted that Plaintiff has not exhausted his state court remedies.  (Complaint at 10) (Stating only that Plaintiff has filed several motions that are still pending before Judge Hunter).  The Court notes that Plaintiff's Objection and Amended Brief do not provide any additional information to suggest that Plaintiff exhausted his state court remedies.  The Court finds no plain error in Magistrate Judge's findings and recommendation that this action be dismissed for failure to exhaust state court remedies.  See Slay, 714 F.2d at 1095.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  Slack v. McDaniel, 529 U.S. at 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

The Magistrate Judge concluded that the decisive procedural issue, failure to exhaust, was not debatable, and that a COA should not be issued. The Court does not find any plain error in the Magistrate Judge's determination that a COA should not be issued. See Slay, 714 F.2d at 1095.

Plaintiff does not cite to any authority, and the Court has not found any, that authorizes the Court to appoint counsel to assist him in his state court criminal proceeding. For these reasons, the Court denies Plaintiff's Motion to Appoint Counsel. The Court suggests that Plaintiff contact the state court that is handling his criminal case, or the local defender association where the state court criminal case is proceeding, to ask if counsel is available to be appointed.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [5] is **DENIED**.

**SO ORDERED** this 18th day of May, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE